**YIN JIAN ZHANG, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–2258–ag.**

United States Court of Appeals,
Second Circuit.

Feb. 7, 2007.

**20**

Michael Brown, New York, New York, for Petitioner.

Matthew D. Orwig, United States Attorney for the Eastern District of Texas, Paul Naman, Assistant United States Attorney, Beaumont, Texas, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WALKER, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Yin Jian Zhang, a native and citizen of the People's Republic of China, seeks review of an April 7, 2005, order of the BIA denying his motion to reopen his removal proceedings. *In re Yin Jian Zhang,* No.

A95 864 128 (B.I.A. Apr. 7, 2005). The BIA had previously issued a decision on November 16, 2004, affirming the October 6, 2003, decision of Immigration Judge ("IJ") William P. Van Wyke denying Zhang's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yin Jian Zhang,* No. A95 864 128 (B.I.A. Nov. 16, 2004), *aff'g* No. A95 864 128 (Immig. Ct. N.Y. City Oct. 6, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA denies a motion to reopen, this Court reviews the decision for abuse of discretion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Pursuant to 8 C.F.R. § 1003.2(c)(1), a motion to reopen proceedings must state "new facts that will be proven at a hearing to be held if the motion is granted" and must "be supported by affidavits or other evidentiary material." A motion to reopen will not be granted unless the proffered evidence is material and was not available and could not be discovered or presented at the former hearing. *See id.*

In reviewing the denial of a motion to reopen, we confine our review to the denial of the motion, and are precluded from reviewing the merits of the petitioner's underlying claim for relief. *Zhao,* 265 F.3d at 90.

Zhang asserts that the BIA erred in denying his motion to reopen because two new affidavits (his own and his wife's) establish his *prima facie* eligibility for relief because they constitute evidence that he will be sterilized if returned to China. The BIA gave those documents "limited evidentiary weight in light of [its] previous conclusion that the respondent was incredible in those proceedings." The BIA's decision was therefore clear and well-reasoned, and its refusal to accord the affidavits enough weight to warrant reopening of proceedings, given Zhang's lack of credibility, was neither arbitrary nor capricious. *See Kaur v. BIA,* 413 F.3d 232, 234 (2d Cir.2005) (BIA did not abuse its discretion when its order clearly explained that the evidence submitted by petitioner in support of her motion was not material because it did not rebut the adverse credibility finding that provided the basis for the IJ's denial or petitioner's underlying asylum application).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).